IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EBONY CAMPBELL and
LASHONDRA WRIGHT,

    Plaintiffs,

vs.

KENNETH A. BERDICK, M.D., P.A.,
and KENNETH A. BERDICK, M.D.,
Individually,

    Defendants.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, EBONY CAMPBELL and LASHONDRA WRIGHT ("CAMPBELL & WRIGHT" or "Plaintiffs") sue Defendants, KENNETH A. BERDICK, M.D., P.A. ("the Practice") and KENNETH A. BERDICK, M.D., individually ("Dr. Berdick"), and state:

### NATURE OF ACTION

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### PARTIES

2. At all times material hereto, Plaintiffs were residents of Lee County, Florida, in the Middle District of Florida.

3. The Practice was, and continues to be, a Florida Professional Association, engaged in the transaction of business in Lee County, Florida, with its principal place of business located at 3714 Evans Ave., Fort Myers, Florida 33901.

4. Defendant Dr. Berdick was, at all times material, the owner, Director, and President of the Practice. Upon information and belief, Dr. Berdick is a resident of Lee County, Florida.

## JURISDICTION AND VENUE

5. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Thus, the Court has subject matter jurisdiction under 28 U.S.C. §1331.

6. Defendants are engaged in the business of providing medical services to the Lee County community at large. Defendant's business activities within this judicial district are substantial and not isolated.

7. The Middle District of Florida is the proper venue for this action because the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

**Enterprise Coverage**

8. At all times material to this action, within the meaning of the FLSA, Defendants were Plaintiffs' "employer" and Plaintiffs were "employees" of Defendants.

9. At all times material, Defendants employed at least two or more employees who provided medical care and otherwise worked within the Defendants' medical office in the local health care industry.

10. At all times material, Defendants had gross sales volume of at least $500,000.00 annually.

11. At all times material, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

**Individual Coverage**

12. At all times material hereto, Plaintiffs were "engaged in commerce" and are subject to individual coverage under the FLSA in that:

    a. The services that Plaintiffs provided on a regular and recurrent basis, which were directed to be performed through their employers and to be utilized on the job, moved through interstate commerce; and

    b. Plaintiffs regularly communicated with out-of-state patients, prospective patients, other medical providers, vendors, and suppliers to further Defendant's business purposes.

13. At all times material hereto, the work performed by the Plaintiffs was essential to the business conducted by Defendants.

**Individual Liability – Defendant Dr. Berdick**

14. At all times material hereto, Dr. Berdick was the owner, Director, and President of the Practice.

15. At all times material, Dr. Berdick regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of the Practice.

16. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of the Practice, Dr. Berdick is an employer as defined by 29 U.S.C. § 201, et. seq.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)
### (Plaintiff Campbell V. Defendants)

17. Plaintiff CAMPBELL realleges Paragraphs 1 through 16 as if fully stated herein.

18. Defendants hired Plaintiff EBONY CAMPBELL in or around, April, 2014, for the position of "Front Desk." Plaintiff CAMPBELL remained employed by Defendants until her separation on February 22, 2022.

19. In her position, Plaintiff CAMPBELL would complete medical office administrative tasks, greet and check-in patients, and perform functions as a medical assistant for Dr. Berdick.

20. Plaintiff CAMPBELL was paid on an hourly basis.

21. At all times material, Plaintiff CAMPBELL's regular work schedule was Monday through Friday, 6 AM until 5 PM, and Saturday, 6 AM or 8:30 AM until 1 PM. Plaintiff CAMPBELL regularly worked 55 – 60 hours per week.

22. Beginning at the time Plaintiff was hired and continuing through present, Plaintiff worked hours and work weeks in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

23. Plaintiff is entitled to be paid at the rate of time and one-half her regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

24. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

25. Defendants' actions in failing to pay Plaintiff unpaid overtime were unreasonable, willful, and in bad faith.

26. Pursuant to 29 U.S.C. 216 (b), Plaintiff is entitled to recover unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff CAMPBELL respectfully requests the following relief:

    a. A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

    b. Unpaid overtime compensation;

    c. Liquidated damages;

    d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

    e. Any other relief this Court deems to be just and proper.

## COUNT II
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)
### (Plaintiff Wright V. Defendants)

27. Plaintiff WRIGHT realleges Paragraphs 1 through 17 as if fully stated herein.

28. Defendants hired Plaintiff WRIGHT in or around October 20, 2016, as a "Check Out Receptionist." Plaintiff WRIGHT remained employed by Defendants until her separation on February 22, 2022.

29. In her position, Plaintiff WRIGHT would complete medical office administrative tasks, greet and check-in patients, check out patients, and perform functions as a medical assistant for Dr. Berdick.

30. Plaintiff WRIGHT was paid on an hourly basis.

31. At all times material, Plaintiff WRIGHT's regular work schedule was Monday through Friday, 6 AM until 5 PM, and Saturday, 6 AM or 8:30 AM until 1 PM. Plaintiff WRIGHT regularly worked 55 – 60 hours per week.

32. Beginning at the time Plaintiff was hired and continuing through present, Plaintiff worked hours and work weeks in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

33. Plaintiff is entitled to be paid at the rate of time and one-half her regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

34. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

35. Defendants' actions in failing to pay Plaintiff unpaid overtime were unreasonable, willful, and in bad faith.

36. Pursuant to 29 U.S.C. 216 (b), Plaintiff is entitled to recover unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff WRIGHT respectfully requests the following relief:

a. A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

b. Unpaid overtime compensation;

c. Liquidated damages;

d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b);

e. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demands trial by jury on all issues so triable as of right.

Dated: March 28, 2022

    Respectfully submitted,

    /s/ Jason L. Gunter
    Jason L. Gunter
    Fla. Bar No. 0134694
    Email: Jason@GunterFirm.com
    Conor P. Foley
    Fla. Bar No. 111977
    Email: Conor@GunterFirm.com

    **GUNTERFIRM**
    1514 Broadway, Suite 101
    Fort Myers, FL 33901
    Tel: 239.334.7017